UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **FRANCIS ANTHONY TRIBBLE,**<br>Petitioner,<br>v.<br>SCOTT KERNAN (Secretary, CDRC)<br>Respondent. | **No. LA CV 11-06498-VBF-DFM**<br>**ORDER**<br>Adopting the Report & Recommendation;<br>Denying the Habeas Corpus Petition;<br>Dismissing the Action With Prejudice;<br>Terminating and Closing Action (JS-6) |

The Magistrate Judge set a deadline of December 26, 2017 for objections to the Report and Recommendation ("R&R"), consistent with Local Rule 72-3.4. *See* CM/ECF Document ("Doc") 65. The Magistrate granted petitioner's motion to extend the deadline to March 13, 2018, but petitioner never filed objections. Fed. R. Civ. P. 72(b)(3) requires de novo review only of those parts of an R&R to which a party timely objects. *Khan v. Langford*, 2018 WL 1271204, *1 (C.D. Cal. Mar. 8, 2018) (citations omitted). Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that when no timely objection is filed, the Court should review the R&R "for clear error on the face of the record." *Juarez v. Katavitch*, 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (citation omitted); *accord Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc); *Benitez v. Parmer*, 654 F. App'x 502, 503 (2d Cir. 2016). **On de novo or clear-error review, the**

**Court finds no defect of law, fact, or logic in the R&R.**

Finally, petitioner constructively filed a letter addressed to the undersigned Judge which was docketed on June 8, 2018. *See* Doc 69. Petitioner wishes to address, or further address, two issues,

> one regarding a false test positive for lidocaine. I informed the court that it was lidocaine and I have evidence of that. I also informed the court that I had a new witness police "LAPD" never brought fo[r]ward. Sloane Davis she was interviewed by [illegible] Bowens as well as Brent Johnson. The second issue is revolving around a Juror #9 I informed the Court that she also called her mother during trial and asked specific questions about the issues at hand.

Doc 69 at 1. But petitioner fails to provide an affidavit from Davis. **Without a sworn affidavit from Davis stating that she is willing and able to testify[1] – and explaining the substance of her intended testimony – the Court cannot assume that such testimony is available, relevant, and admissible.** *See Korn v. US*, 937 F. Supp.2d 1182, 1201 (C.D. Cal. 2013) (before habeas petitioner could demand a hearing at which new witness could testify, he had to show what the witness's testimony would be, and "[s]uch evidence typically will be in the form of an affidavit or deposition testimony from the potential witnesses") (citing *US v. Berry*, 814 F.2d 1406, 1409 (9th Cir. 1987), and quoting *US v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984)). *See, e.g., US v. Tanke*, 2016 WL 6248413, *5 (Oct. 26, 2016) ("[O]ther than his own word, movant has presented no evidence that the three alleged witnesses would have testified as alleged. Movant has not provided, for example, affidavits from any of these alleged witnesses."), *R&R adopted*, 2016 WL 7159287 (Dec. 8, 2017), *vac'd o.g.*, 2017 WL 2992530 (E.D. Cal. Jan. 30, 2017); *cf. Pacey v. McKinney*, 125 F. 675, 678 (9th Cir. 1903) (party seeking a continuance because "material and necessary witnesses" could not be found, filed an affidavit "stating the facts to which

---

[1] *See US v. Harden*, 846 F.2d 1229, 1231-32 (9th Cir. 1988) (petitioner failed to establish that counsel's failure to call a particular witness constituted ineffective assistance, where, among other things, there was no evidence in the record that the person would have testified).

-2-

the absent witnesses would testify").

Petitioner's June 4, 2018 letter goes on to say that he had no memory of the events of May 10, 2004 but "[a]s of 2016 I started to regain my memory" and "I now recall several years of my life", Doc 69 at 1-2. He does not attach medical evidence for this allegation, however, and it is not clear whether it is offered to support his habeas claims.

**Petitioner refers in conclusory fashion to "more new evidence that I have just found", including "police records that show my innocence",** but he does not attach that evidence. Nor does he identify where in the federal- or state-court record those documents might already be located. In Document 69 at 4, petitioner claims to have "a CHP form 555" in his possession that

> show[s] P2 traveling North Bound on Chavenga collide[d] with V1, that's me! Francis Tribble. Then V2 spun out of control. There is also a form prepared by Peterson LAPD and Rodriguez LAPD that shows party of 3 in the deceased [sic] car. He died of blunt force trauma to the head.
>
> It shows two (2) passengers were ejected. It shows VEW Schmidtke died of blunt force trauma to the head by coroner's report. Not from day one in this case since I have been defending myself has anyone talked about his passengers that were ejected. He was intoxicated shown in autopsy. * * *

But the Court cannot assume that the exculpatory records exist. Likewise, without copies of the police and autopsy reports, the Court cannot assume that their content is as petitioner describes.

**Petitioner states that copies of such reports "are hard to come by here [in prison]. So I am presenting this evidence. * * * Getting those is my goal now." But petitioner does not describe *any* efforts that he made to obtain the reports in question during the years of this action's pendency – including the *years* when this action was stayed to permit him to exhaust claims in state court.** *Cf. Acklin v. Lewis*, 2014 WL 11931780, *5 (C.D. Cal. Aug. 7, 2014) (incarcerated pro se habeas petitioner had not shown that failure to file a traverse or objections to R&R constituted excusable neglect, stating, "[He] merely asserts, with no specific allegations, let alone evidence, 'It's been an extreme

-3-

hassle to get into the Pelican Bay State Prison law library to file a proper and timely 60(b) motion.'"); *White v. Marshall*, 2009 WL 1043922, *7 (C.D. Cal. Apr. 16, 2009) (pro se petitioner not entitled to equitable tolling where he "fail[ed] to show that he made timely or proper requests for access to the law library during the relevant periods . . . and that his requests for access were denied."). Nor does petitioner allege that prison staff or other government employees took any action that made it prohibitively difficult for him to get the records in question.

**Moreover, Tribble has not developed any claim of actual innocence as an independent basis for habeas relief.** Tribble could have moved for leave to amend the petition to assert an actual-innocence claim, but he did not. His second opportunity to assert an actual-innocence claim, albeit belatedly, would have been his Traverse, but he did not file a traverse. His third opportunity to assert an actual-innocence claim, belatedly, would have been objections to the R&R. *See Acklin v. Lewis*, 2014 WL 11931780, *5 (C.D. Cal. Aug. 7, 2014) (Fairbank, J.); *Alcarez-Guerrero v. Ryan*, 2014 WL 5498247, *2 (D. Ariz. Oct. 1, 2013) ("The Court declines to exercise its discretion to consider Petitioner's actual innocence claim. * * * [He] has failed to explain his failure to raise the actual innocence claim in his Petition, or in a Reply to Respondent's Answer.") (citing *US v. Howell*, 231 F.3d 615, 623 (9th Cir. 2000)); *cf. Aguilar v. County of Riverside*, 2014 WL 1795204, *5 (C.D. Cal. Apr. 25, 2014), *amended o.g.*, 2015 WL 11233511 (C.D. Cal. Feb. 6, 2015). But Tribble did not file objections despite the Magistrate granting him an extra two and a half months in which to object (moving the deadline from December 27, 2017 to March 13, 2018).

**Finally, petitioner does not show that he was not able to discover the alleged evidence of innocence in time to assert an actual-innocence claim in the petition** - or at any time during the six-plus years since he initiated this action. In short, any intended claim for habeas relief based on actual innocence is not properly before the Court and is

unsupported by competent evidence.

ORDER

**The Report and Recommendation [Doc # 65] is ADOPTED.**

**The 28 U.S.C. § 2254 petition for writ of habeas corpus [Doc # 1] is DENIED.**

Final judgment consistent with this Order will be entered as a separate document.

This action is DISMISSED with prejudice.

The case SHALL BE TERMINATED (JS-6).

IT IS SO ORDERED.

Dated:  June 19, 2018

_____
Honorable Valerie Baker Fairbank
Senior United States District Judge